UNITED STATES of America,
Plaintiff-Appellee,

v.

Humberto BARON–MANTILLA,
Defendant-Appellant.

No. 83–5436.

United States Court of Appeals,
Eleventh Circuit.

Oct. 9, 1984.

Melvyn Kessler, Miami, Fla., for defendant-appellant.

Stanley Marcus, U.S. Atty., Linda Collins-Hertz, Nancy L. Worthington, James G. McAdams, III, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT and CLARK, Circuit Judges, and GOLDBERG *, Senior Circuit Judge.

PER CURIAM:

Appellant, Humberto Baron-Mantilla, appeals his conviction under 21 U.S.C. § 841(a)(1) (1982) for knowingly and intentionally possessing with the intent to distribute a quantity of cocaine. The issue is whether the district court erred in denying appellant's motion to suppress the introduction of three kilograms of cocaine into evidence.

### Background

On February 2, 1983, at approximately 8:45 p.m., while working in an undercover capacity, DEA Special Agent Alberto Fernandez was introduced to appellant Humberto Baron-Mantilla by a confidential informant. The meeting took place in front of a condominium located at 200 S.E. 15th Road, Miami. Baron-Mantilla told Special Agent Fernandez that he had three kilograms of cocaine in his apartment that he wanted to sell. Baron-Mantilla and Fernandez agreed to meet at approximately 10:00 a.m. on February 3, 1983, to complete the sale of five kilograms of cocaine, for a price of $44,000 per kilogram.

On February 3, 1983, Agent Fernandez, accompanied by DEA Agent Armando Marin and the confidential informant, returned to 200 S.E. 15th Road to complete the transaction. Appellant was summoned by the confidential informant to the agents' vehicle, which was parked outside of the building at that address. Baron-Mantilla handed Agent Fernandez a dollar bill containing a sample of the cocaine that he had in his apartment. Agent Fernandez then showed appellant a quantity of money with which he would "purchase" the cocaine.

Subsequently, appellant invited Agents Fernandez and Marin to his apartment to purchase three kilos of cocaine and to wait for the arrival of the other two kilos. Agent Fernandez, Agent Marin and the confidential informant followed appellant into the lobby of the condominium, where appellant was placed under arrest and advised of his *Miranda* rights. Next, Agent Marin advised appellant that they were going to secure the apartment until they could obtain a search warrant. Appellant proceeded to the apartment with the agents by elevator.

When they arrived at the apartment, appellant opened the door with a key at the agents' request. Through the opened door, the agents spotted a man inside the apartment. They then entered and placed him under arrest. Once inside, the agents conducted a sweep of the apartment for any other persons.

Appellant was expecting delivery of two additional kilos of cocaine at this time. He was again advised of his rights and asked to cooperate with the agents. Within a few minutes, appellant directed Agent Marin to

---

* Honorable Irving L. Goldberg, U.S. Circuit Judge for the Fifth Circuit, sitting by designa-

tion.

a box in a closet that contained the three kilograms of cocaine.

On February 9, 1983, appellant was indicted. Before trial, appellant filed a motion to suppress the three kilograms of cocaine found in the apartment. The parties entered into an agreement whereby jury trial would be waived, and a suppression hearing and bench trial were held jointly on May 16, 1983.

After all the evidence had been presented, the trial court denied the motion to suppress, concluding that appellant had failed to sustain his burden of proof to establish a right of privacy in the apartment in question. As an alternative basis for denying the motion, the court further ruled that exigent circumstances justified the actions of the agents who seized the cocaine, in that cocaine was present inside the apartment, along with a second party who could have destroyed the evidence. Appellant was then found guilty and sentenced to five years imprisonment, followed by a special parole term of three years and a $10,000 fine.

### Discussion

We disagree with the district court that the exigent circumstances warranted a search of the apartment, an alternative basis for his finding. The circumstances did not support a search of the premises which should have awaited a search warrant if Baron had standing to assert a claim of privacy in the premises. However, Baron lacked such standing.

To prevail on a claim that evidence was seized in violation of the fourth amendment, the defendant bears the burden of demonstrating a legitimate expectation of privacy in the areas searched. *Rakas v. Illinois*, 439 U.S. 128, 130 n. 1, 99 S.Ct. 421, 424 n. 1, 58 L.Ed.2d 387, 393 n. 1 (1978). In reviewing the district court's determination that the defendant has not satisfied his burden, we view the evidence adduced at the suppression hearing in the light most favorable to the government. *United States v. Torres*, 720 F.2d 1506, 1510 (11th Cir.1983).

The legitimacy of appellant's privacy claim is determined by the totality of the circumstances. *Rakas, supra,* 439 U.S. at 152, 99 S.Ct. at 435, 58 L.Ed.2d at 406 (Powell, J., concurring). The government proved that appellant did not own the premises searched, nor did he rent them. The telephone was not listed in his name. Nonetheless, Baron could have established a legitimate expectation of privacy by demonstrating " 'an unrestricted right of occupancy or custody and control of the premises as distinguished from occasional presence on the premises as a mere guest or invitee.' " *United States v. Bachner,* 706 F.2d 1121, 1126 n. 6 (11th Cir.1983) (quoting *State v. Leveson,* 151 So.2d 283, 285 (Fla.1963)). Although appellant claims to have lived in the apartment with a mistress, the district court found his credibility to be "totally lacking," remarking that "[the court] wouldn't believe [appellant] if he was sitting on a bushel of bibles." Record, Vol. V, at 66. Our review of the record confirms that Baron's testimony was unworthy of belief. Furthermore, appellant failed to produce any condominium neighbor or employee who could have established his residency there although he testified there were such persons who knew he lived there. Nor was the alleged mistress brought to testify on his behalf. In view of the district court's credibility finding, the only credible evidence of his expectation of privacy in the apartment was the fact that he possessed a key to the apartment. More evidence than possession of a key was necessary to satisfy appellant's burden of establishing a legitimate expectation of privacy in the premises. *See United States v. Rackley,* 724 F.2d 1463, 1468 (11th Cir.1984). Since Baron had no claim of privacy, we need not consider the government's additional claim that Baron consented to the search.[1]

---

1. Fernandez, the government agent, testified that Baron disclosed the location of the cocaine

when he was told the agents were going to

The judgment of conviction is AFFIRMED.

obtain a warrant. Baron testified he only disclosed the location when he was threatened.