COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-241-CR
  
  
RANDALL CONNER WADE                                                      APPELLANT
 
V.
  
THE STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM THE 90TH DISTRICT COURT 
OF YOUNG COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Randall Conner Wade of possession of between 200 and 
400 grams of methamphetamine.  Upon Appellant’s plea of true to an 
enhancement paragraph, the trial court sentenced Appellant to sixty years’ 
confinement and assessed a $10,000 fine.  In his first three issues, 
Appellant complains that the trial court erred in overruling his motion to 
suppress because (1) the search warrant was tainted by an initial illegal search 
and seizure; (2) the search warrant affidavit was insufficient on its face; and 
(3) the search warrant was tainted by material misrepresentations or 
omissions.  In his fourth issue, Appellant argues that the trial court 
erred in expanding the indictment.  We will affirm.
I. Factual Background
        On 
October 15, 2001, Deputy Gary Barnett went to an old, tin-walled building 
located at 224 South Avenue B in Olney to investigate a reported theft allegedly 
involving Dirk Wade and Brad Wilson.  While standing in the building’s 
parking lot, Deputy Barnett spoke with Salina Carter, who informed him that 
Larry Pratt and Appellant were inside the building.  Deputy Barnett 
approached the building and saw Pratt come out of the building.  Pratt told 
Deputy Barnett that Appellant was inside the building, but Deputy Barnett 
thought Pratt was lying and asked him to stay outside.
        Deputy 
Barnett testified that he knocked on the door, and after hearing someone say, 
“Come in,” he went inside.  Deputy Barnett testified that he entered 
the building and smelled what he thought was ether, which indicated the possible 
presence of a clandestine drug laboratory.  He observed Appellant sitting 
behind a desk in the building working on a lamp.  Appellant is the brother 
of Dirk Wade.
        Deputy 
Barnett asked Appellant to step outside of the building, at which time he 
handcuffed Appellant and placed him in a police car.  Deputy Barnett called 
for backup, and other officers arrived fifteen minutes later to help secure and 
watch the building.  Deputy Justin Bullock was dispatched to the building 
and did a perimeter check around the building to make sure no one else 
left.  Deputy Bullock testified that he smelled ether and anhydrous ammonia 
while walking along the south side of the building.  Deputy Bullock also 
testified that, about thirty minutes after his arrival, he located a trash 
dumpster approximately fifty to seventy-five feet behind the building, 
containing ether cans, empty pseudoephedrine packets, and torn-up lithium 
batteries.
        Based 
on the information gathered, a warrant was issued allowing the officers to 
search the tin building and to arrest Appellant and Pratt.  Deputy Barnett 
testified that no police officers entered the building until they had obtained 
the search warrant—other than when he initially entered after Appellant said, 
“Come in.”  When the police searched the building, they found 
substances and chemicals used to manufacture methamphetamine.  The seized 
substances were later analyzed by a laboratory, and tests indicated that the 
substances constituted 392.6 grams of methamphetamine.
        On 
November 19, 2001, a grand jury indicted Appellant for the offense of possession 
of between 200 and 400 grams of methamphetamine.  Subsequently, Appellant 
filed and argued a pretrial motion to suppress evidence discovered during the 
search of the building.  After conducting a hearing, and without making 
findings of fact and conclusions of law, the trial court denied Appellant’s 
motion.  Appellant pleaded not guilty, and the case went to trial. Upon 
hearing and considering all of the evidence, a jury found Appellant guilty of 
the offense of possession of between 200 and 400 grams of methamphetamine.
II. Motion to Suppress
        In 
his first three issues, Appellant argues that the trial court abused its 
discretion in denying his motion to suppress evidence because the evidence was 
obtained as the result of an illegal search and seizure.  Specifically, 
Appellant complains that the police conducted an illegal search and seizure 
before obtaining a search warrant, the search warrant affidavit was facially 
deficient, and the search warrant was tainted by material misrepresentations or 
omissions.  Thus, Appellant maintains that the trial court should have 
suppressed the evidence discovered in the building.
        A. Standard of Review
        We 
review a trial court’s ruling on a motion to suppress evidence for an abuse of 
discretion.  Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 
2000); Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  
We will not overturn the trial court’s ruling unless its decision was outside 
the zone of reasonable disagreement.  Salazar v. State, 38 S.W.3d 
141, 153-54 (Tex. Crim. App. 2001), cert. denied, 534 U.S. 855 
(2001).  We afford almost total deference to a trial court’s 
determination of the historical facts that the record supports, especially when 
the trial court’s fact findings are based upon an evaluation of credibility 
and demeanor.  Laney v. State, 117 S.W.3d 854, 857 (Tex. Crim. App. 
2003); State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).  We 
afford the same amount of deference to the trial court’s rulings on mixed 
questions of law and fact, if the resolution of those questions turns on an 
evaluation of credibility and demeanor.  Carmouche, 10 S.W.3d at 
327; Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  We 
will uphold the trial court’s ruling if it is correct on any theory of the law 
applicable to the case, even if the trial court gave the wrong reason for its 
ruling.  Laney, 117 S.W.3d at 857 (citing Romero v. State, 
800 S.W.2d 539, 543 (Tex. Crim. App. 1990)).
        When 
the trial court does not make explicit findings of historical facts, we view the 
evidence in the light most favorable to the trial court’s ruling and assume 
that the trial court made implicit findings of fact supporting its ruling, if 
those findings are supported by the record.  Carmouche, 10 S.W.3d at 
327-28.  In determining whether a trial court’s decision is supported by 
the record, we generally consider only evidence adduced at the suppression 
hearing because the ruling was based on it rather than evidence introduced 
later.  Rachal v. State, 917 S.W.2d 799, 809 (Tex. Crim. App.), cert. 
denied, 519 U.S. 1043 (1996).
        B. Standing
        The 
State argues that we need not address Appellant’s first three complaints 
because he lacked standing to challenge the search and seizure of evidence from 
the building.  Even though the record does not reflect that the parties or 
the trial court expressly considered the issue of Appellant’s standing, the 
State may raise the issue for the first time on appeal.  See State v. 
Kilma, 934 S.W.2d 109, 110-11 (Tex. Crim. App. 1996).
        In 
presenting both state and federal constitutional claims based on unlawful search 
and seizure, “[Appellant] must be within the purview of constitutional 
protection.”  State v. Comeaux, 818 S.W.2d 46, 51 (Tex. Crim. App. 
1991) (citing Smith v. Maryland, 442 U.S. 735, 740, 99 S. Ct. 2577, 2580 
(1979) and Katz v. United States, 389 U.S. 347, 357, 88 S. Ct. 507, 514 
(1967)).  Appellant, as the movant in a pretrial motion to suppress, bore 
the burden not only of establishing that the search and seizure of evidence were 
illegal, but also of showing that he had standing to contest the search and 
seizure, that is, he had a reasonable expectation of privacy in the premises 
searched.  Rakas v. Illinois, 439 U.S. 128, 143, 99 S. Ct. 421, 430 
(1978); Granados v. State, 85 S.W.3d 217, 222-23 (Tex. Crim. App. 2002), cert. 
denied, 538 U.S. 927 (2003); Villarreal v. State, 935 S.W.2d 134, 138 
(Tex. Crim. App. 1996) (plurality op.).
        To 
demonstrate a legitimate expectation of privacy, Appellant must show (1) that he 
had a subjective expectation of privacy in the place or property searched and 
(2) that society would recognize his subjective expectation as being objectively 
reasonable.  Smith, 442 U.S. at 740, 99 S. Ct. at 2580; Katz, 
389 U.S. at 361, 88 S. Ct. at 516 (Harlan, J., concurring); Granados, 85 
S.W.3d at 223; Villarreal, 935 S.W.2d at 138.  The court of criminal 
appeals has enunciated a nonexhaustive list of factors relevant to the 
determination of whether a given claim of privacy is objectively reasonable:
 
(1) whether the [defendant] 
had a property or possessory interest in the place [searched]; (2) whether he 
was legitimately in the place [searched]; (3) whether he had complete dominion 
or control and the right to exclude others; (4) whether prior to the intrusion, 
he took normal precautions customarily taken by those seeking privacy; (5) 
whether he put the place to some private use; and (6) whether his claim of 
privacy is consistent with historical notions of privacy.

 
Granados, 85 S.W.3d at 
223; Villarreal, 935 S.W.2d at 138.  No one factor is dispositive; 
rather, we determine Appellant’s standing based on the totality of the 
circumstances surrounding the challenged search and seizure.  Granados, 
85 S.W.3d at 223; Villarreal, 935 S.W.2d at 138.
        During 
the hearing on Appellant’s motion to suppress, both Appellant and Dirk Wade 
testified that Dirk owned the building that was searched.  The building was 
used as a warehouse and a shop.  Dirk also testified that Appellant had 
access to the building, and he said, “Me and him was the only ones that had 
keys.”  Dirk later testified, however, that a person named David Mosley 
had been staying in the building for a couple of months because he did not have 
a home, and Dirk stated that Mosley also had a key to the building.  
Appellant testified that the reason he went to the building on October 15, 2001 
was to retrieve some oil field valves for a lease and to strip the paint off of 
a cabinet’s drawers.  Appellant stated that he was at the building for a 
couple of hours before Deputy Barnett arrived.  Appellant offered no other 
testimony or evidence to establish his standing to challenge the search of the 
building and the evidence seized during the search.
        While 
the Fourth Amendment’s prohibition on unreasonable searches and seizures 
applies to property used for residential purposes, as well as to property put to 
commercial use, “[p]roperty used for commercial purposes is treated 
differently for Fourth Amendment purposes from residential property.”  Minnesota 
v. Carter, 525 U.S. 83, 90, 119 S. Ct. 469, 474 (1998).  “‘An 
expectation of privacy in commercial premises . . . is different from, and 
indeed less than, a similar expectation in an individual’s home.’”  Id. 
(quoting New York v. Burger, 482 U.S. 691, 700, 107 S. Ct. 2636, 2642 
(1987)).  Appellant did not establish that he owned, leased, or lived in 
any portion of Dirk’s tin building. Further, that Appellant had a key to the 
building and was working inside it is not determinative of whether he had a 
property or a possessory right to the building.  See Johnson v. State, 
583 S.W.3d 339, 404 (Tex. Crim. App. [Panel Op.] 1979) (holding defendant, who 
had a key to his father’s business—the premises searched—because he was an 
employee of the business, lacked standing to challenge the search of the 
building his father owned); see also United States v. Silva, 247 F.3d 
1051, 1056 (9th Cir. 2000) (holding, based on totality of circumstances, that 
defendants had no standing to challenge search of shed in which methamphetamine 
was being produced, even though defendants claimed to have stayed in shed during 
previous night and possessed a key to the shed); United States v. 
Baron-Mantilla, 743 F.2d 868, 870 (11th Cir. 1984) (“More evidence than 
possession of a key was necessary to satisfy appellant’s burden of 
establishing a legitimate expectation of privacy in the premises.”).
        Upon 
our careful examination of the record from the hearing on Appellant’s motion 
to suppress, based on the totality of the circumstances, we hold that Appellant 
failed to meet his burden of establishing his standing to contest the search of 
Dirk’s building and the seizure of evidence collected therein.  See 
Granados, 85 S.W.3d at 223; Villarreal, 935 S.W.2d at 138.  
Accordingly, we cannot say that the trial court abused its discretion in denying 
Appellant’s motion to suppress.  See Laney, 117 S.W.3d at 
857.  We overrule Appellant’s first, second, and third issues.
III. Jury Charge
        In 
his fourth issue, Appellant complains that the trial court impermissibly 
“expanded the indictment,” which alleged that Appellant possessed the 
controlled substance methamphetamine, by instructing the jury that the term 
“controlled substance” included “the aggregate weight of any mixture, 
solution, or other substances containing a controlled substance.”  While 
the State correctly points out that Appellant did not object to the charge, in 
addressing Appellant’s charge issue, we hold that Appellant’s fourth issue 
is wholly without merit.  See Tex. 
Code Crim. Proc. Ann. art. 36.19 (Vernon 1981); Hutch v. State, 
922 S.W.2d 166, 171 (Tex. Crim. App. 1996) (providing that unobjected-to charge 
error is reviewed under an “egregious harm” analysis); Almanza v. State, 
686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g).
        Here, 
the trial court properly instructed the jury on the meaning of the term 
“controlled substance” and did not “expand the indictment,” as Appellant 
now claims on appeal.  See Tex. 
Health & Safety Code Ann. § 481.002(5) (Vernon Supp. 2004) (stating 
that the term “controlled substance” includes “the aggregate weight of any 
mixture, solution, or other substance containing a controlled substance”); Melton 
v. State, 120 S.W.3d 339, 343 (Tex. Crim. App. 2003).  Because we 
conclude that the trial court did not err in instructing the jury on the 
statutory definition of the term “controlled substance,” we overrule 
Appellant’s fourth issue.
IV. Conclusion
        Having 
overruled Appellant’s four issues, we affirm the trial court’s judgment.
 
 
                                                          ANNE 
GARDNER
                                                          JUSTICE
 
 
PANEL A:   CAYCE, 
C.J.; HOLMAN and GARDNER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: June 24, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.