[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10004
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 8, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00095-CR-FTM-34SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TODD D. CRISP,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 8, 2009)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

A grand jury indicted Todd Crisp under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) for possessing a firearm as a felon. The basis for the indictment was a handgun police recovered during the inventory search of a rented van that Crisp, whose driver's license had been revoked, had borrowed from his girlfriend.[1] The district court denied Crisp's motion to suppress the gun on the ground that an unlicensed and unauthorized driver has no reasonable expectation of privacy in a rental car.[2] Crisp was convicted and now appeals, arguing that the district court erred because police unlawfully searched the van.

"It has long been the rule that a defendant can urge the suppression of evidence obtained in violation of the Fourth Amendment only if that defendant demonstrates that *his* Fourth Amendment rights were violated by the challenged search or seizure." *United States v. Padilla*, 508 U.S. 77, 81 (1993). To establish a violation of his Fourth Amendment rights, "the defendant bears the burden of demonstrating a legitimate expectation of privacy in the areas searched," *United States v. Baron-Mantilla*, 743 F.2d 868, 870 (11th Cir. 1984), and the legitimacy

---

[1] The police became suspicious of the van, which Crisp was driving, when one of their officers noticed that it had a broken rear window. When the officer began to follow the van in his police cruiser, Crisp pulled into the backyard of a private residence and fled on foot. Police searched the van to catalog its contents after the rental company informed them that it was sending a tow truck to repossess the vehicle.

[2] The district court noted a circuit split on the issue and correctly observed that we have never decided it.

of a defendant's subjective expectation of privacy turns on whether society is prepared to recognize that expectation as reasonable, *United States v. Ford*, 34 F.3d 992, 995 (11th Cir. 1994) (citing *Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., concurring)).

The district court's order in this case was clear: "As the Court finds that Defendant never had a legitimate expectation of privacy in the vehicle, it is not necessary for the Court to consider . . . whether the search of the vehicle was unreasonable . . . ." *United States v. Crisp*, 542 F. Supp. 2d 1267, 1283 n.23 (M.D. Fla. 2008). It was therefore incumbent on Crisp to establish that his expectation of privacy was reasonable before contesting the validity of the search on appeal. We conclude, however, that Crisp abandoned his challenge to the district court's threshold ruling on the reasonableness of his privacy expectation in the van.

Although Crisp mentions "standing" in his brief, he neither discusses nor directly addresses the district court's conclusion that he lacked a reasonable expectation of privacy.[3] We will not consider an issue that Crisp has not properly raised on appeal:

---

[3] *Cf. Rakas v. Illinois*, 439 U.S. 128, 139 (1978) ("[W]e think the better analysis forthrightly focuses on the extent of a particular defendant's rights under the Fourth Amendment, rather than on any theoretically separate, but invariably intertwined concept of standing.").

> Under our caselaw, a party seeking to raise a claim or issue on appeal must plainly and prominently so indicate, i.e., in a section of his brief that is demarcated by a boldface heading or by some equivalent notation. At the very least, he must devote a discrete, substantial portion of his argumentation to that issue. Otherwise, the issue—even if properly preserved at trial—will be considered abandoned.

*United States v. Jernigan*, 241 F.3d 1273, 1283 n.8 (11th Cir. 2003).

In his brief, Crisp refers only three times, in passing, to the reasonableness of his privacy expectation. He alludes in one sentence to his pretrial suppression argument; he devotes two sentences to the proposition that his "custody and control over the van" gave him "a reasonable expectation of privacy"; and he asserts in his conclusion, without support, that he "had an expectation of privacy in the borrowed vehicle." Such cursory treatment of the issue that was dispositive in the district court—and thoroughly discussed in its order—works an abandonment of the issue on appeal. Without a legitimate expectation of privacy in the van, Crisp cannot challenge the validity of the search. His conviction is therefore

**AFFIRMED.**