[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13926
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20057-JAL-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 21, 2019)

Before TJOFLAT, WILSON, and BRANCH, Circuit Judges.

PER CURIAM:

Juan Carlos Rodriguez appeals his convictions for conspiring to possess with intent to distribute, and possessing with intent to distribute, 500 grams or more of cocaine.  He also appeals his within-guideline range 84-month sentence.

Rodriguez raises four arguments on appeal. First, he argues that the District Court erred in denying his motion to suppress cocaine, seized during a consent search of the home of his codefendant Francisco Weeks, when it concluded that he lacked standing to challenge the search.  Second, he argues that the District Court abused its discretion by permitting evidence of a previous drug transaction involving him to be introduced into evidence under Federal Rule of Evidence 404(b) because it was not relevant to any issue other than his character and was based upon uncorroborated testimony.  Third, he argues that the District Court plainly erred by not giving a cautionary instruction to the jury when it allowed the introduction of the prior drug transaction into evidence and by not giving his requested instruction to the jury.  Finally, he argues that his sentence was substantively unreasonable, given his lack of a criminal history and his role in the drug conspiracy.  After careful review, we affirm.

I.

In January 2016, DEA agents planned a "buy bust," an operation involving the use of a confidential source (CS) to attempt to purchase drugs in order to arrest the seller.  The operation was to be carried out at the home of Francisco Weeks.

2

The CS arranged a viewing of the drugs with Weeks as a pretext for the bust.  On the day of the viewing, the CS arrived at the house, wearing a wire, about an hour and a half before Rodriguez did.  DEA agents were observing from outside the house.

While the CS was in the house, Rodriguez drove up, bringing a black shopping bag. Weeks met him outside, and Rodriguez handed the shopping bag to Weeks.  Rodriguez then went around to the back of the house while Weeks re-entered.  Weeks removed approximately four kilograms of cocaine from the bag, and he and the CS proceeded to inspect the cocaine in the bedroom. The CS indicated that the cocaine was satisfactory and that he would be leaving the scene to bring the purchase money.  Weeks exited the home to move Rodriguez's car, which was blocking the CS's.

As the agents saw Weeks exiting the house, they moved in and detained Weeks.  As Weeks's wife and Rodriguez came through the entryway, agents detained them as well.  Agents conducted a protective sweep of the inside of the house and, in the bedroom, they observed the black shopping bag on the floor, as well as four packages of suspected cocaine within a few feet. The material in the packages was later confirmed to be cocaine.

## II.

3

We first consider whether Rodriguez had standing to seek suppression of the cocaine under the Fourth Amendment. We review a district court's denial of a motion to suppress evidence under a mixed standard of review, reviewing the court's findings of fact for clear error and its application of the law *de novo*. *United States v. Pierre*, 825 F.3d 1183, 1191 (11th Cir. 2016).  For clear error to exist, we "must be left with the definite and firm conviction that a mistake has been committed." *Id.* (quotation omitted).  The facts are construed in the light most favorable to the prevailing party. *United States v. Newsome*, 475 F.3d 1221, 1224 (11th Cir. 2007).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.  Warrantless searches of a house or other residence are presumed to be unreasonable, unless an exception to the warrant requirement applies. *United States v. Yeary*, 740 F.3d 569, 579 (11th Cir. 2014). Even so, a defendant lacks standing to suppress evidence obtained pursuant to an unreasonable search of another's property, unless he can demonstrate that he had a legitimate expectation of privacy in the property.  *Rakas v. Illinois*, 439 U.S. 128, 133-34, 143 (1978).  A subjective expectation of privacy is legitimate if "it is one that society is prepared to recognize as reasonable." *Minnesota v. Olson*, 495 U.S. 91, 95-96 (1990) (quotation omitted).  Whether the defendant has a legitimate

4

expectation of privacy is determined in light of the totality of the circumstances. *United States v. Baron-Mantilla*, 743 F.2d 868, 870 (11th Cir. 1984).

We have stated that a defendant can establish a legitimate expectation of privacy in another's residence by demonstrating an "an unrestricted right of occupancy or custody and control of the premises." *Id.* (quotation omitted). Conversely, he cannot make such a showing through his "occasional presence on the premises as a mere guest or invitee." *Id.* Similarly, an invitee who is present in the house for a strictly commercial purpose lacks standing. *United States v. Cooper*, 203 F.3d 1279, 1285 n.3 (11th Cir. 2000). One relevant circumstance is whether the defendant stored his personal belongings at the residence. *United States v. Garcia*, 741 F.2d 363, 366 (11th Cir. 1984).

Here, Rodriguez's limited relationship to Weeks's house does not grant him a reasonable expectation of privacy in it. Rodriguez testified at the suppression hearing that he went to Weeks's house after being invited, not on his own accord. He also testified that he did not keep personal items at the home, have keys to it, or exercise control over who was present in the home. Nor had he ever removed anyone from the home, locked any doors, or slept overnight at the home. He claimed that he had been present at the home on five to eight occasions.

Rodriguez contended before the magistrate judge that he was at the Weeks home as a lunch guest and to have a pair of pants hemmed, not for a commercial

purpose. The magistrate judge found his testimony on this issue not credible, noting that no pants were found near the black shopping bag that Rodriguez had brought. The district judge adopted the magistrate judge's finding on this issue, and we see no clear error in that finding. Since Rodriguez was present at the house to transact business, he lacked standing to challenge the search.

Even if Rodriguez were present as a social guest, his connection with the house would have been insufficient to establish Fourth Amendment standing. Our precedents have denied standing when defendants were significantly more intimately connected with another's residence than Rodriguez was here. *See United States v. Sweeting*, 933 F.2d 962, 964 (11th Cir. 1991) (no standing although defendant kept personal effects at a home rented by and for family members and had a right of access); *Baron-Mantilla*, 743 F.2d at 870 (no standing although defendant had a key to the apartment).

In sum, Rodriguez's status as a mere social guest or commercial transaction participant was insufficient to establish a legitimate expectation of privacy in Weeks's home. The District Court thus did not err in denying Rodriguez's motion to suppress, as he lacked standing to challenge the search of his codefendant's home. [1]

---

[1] Since Rodriguez lacked standing to challenge the search, we do not reach the issue of whether Weeks's consent to search the house was invalid or insufficient.

III.

Rodriguez appeals the District Court's admission of evidence of a previous drug transaction involving him under Federal Rule of Evidence 404(b).  We review a district court's evidentiary rulings for abuse of discretion.  *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003).  Issues not raised in a defendant's initial brief on appeal are deemed waived, even if later raised in the reply brief.  *United States v. Curtis*, 380 F.3d 1308, 1310 (11th Cir. 2004); *United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004).  Where the district court's judgment is based on multiple independent grounds, and the defendant fails to challenge at least one ground, "the judgment is due to be affirmed."  *United States v. King*, 751 F.3d 1268, 1277 (11th Cir. 2014) (quotation omitted).

Whether uncharged conduct is admissible depends upon whether it is extrinsic or intrinsic to the charged offense.  *United States v. Shabazz*, 887 F.3d 1204, 1216 (11th Cir. 2018).  Evidence is intrinsic if the uncharged conduct: (1) arose out of the same transaction or series of transactions as the charged offense; (2) is necessary to complete the story of the crime; or (3) is inextricably intertwined with the evidence of the charged offense.  *Id.*  In addition, the admission of the uncharged conduct must satisfy the requirements of Federal Rule of Evidence 403.  *Id.*  However, if the evidence of the uncharged conduct is extrinsic, it must satisfy the requirements of Federal Rule of Evidence 404(b) to be

7

admitted.  *Id.*  Rule 404(b) bars admission of evidence of a defendant's prior bad acts for the purpose of showing the defendant's propensity to engage in similar bad acts.  Fed. R. Evid. 404(b)(1).  Such evidence is admissible, however, if used for another purpose, such as proving the defendant's motive, intent, or knowledge.  Fed. R. Evid. 404(b)(1)-(2).

Where a defendant is charged with a conspiracy, his plea of not guilty makes intent a material issue "and opens the door to admission of prior drug-related offenses as highly probative, and not overly prejudicial, evidence of a defendant's intent."  *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997).

Here, at trial, the District Court admitted Weeks's testimony about a separate drug transaction, occurring in late 2015, between Weeks and the CS. The 2015 transaction followed nearly the same pattern as the one at issue here: Rodriguez drove up to the house, Weeks met him, and Weeks brought the cocaine into the house and up to the bedroom, where he and the CS inspected it.  The District Court admitted this evidence both as intrinsic to the charged offense and under Rule 404(b) as relevant to prove Rodriguez's knowledge, motive, and intent.

Rodriguez's initial brief contests the Rule 404(b) ground for admission, but not the District Court's alternative holding that the prior drug transaction, occurring within a few months of the bust, was inextricably intertwined with the charged conduct.  He presents an argument in his reply brief, but that is insufficient

8

to avoid waiver. *Levy*, 379 F.3d at 1244. Accordingly, Rodriguez has waived his challenge to the admission of the evidence as intrinsic to the charged conduct, and we affirm on that ground.

Furthermore, the District Court did not abuse its discretion in finding that the prior transaction was intrinsic to the charged conduct. The prior and charged transactions, involving the same three people, following the same procedures, and occurring within a few months of each other, constitute a single "series of transactions" such that evidence of the former is intrinsic to the case based on the latter. *Shabazz*, 887 F.3d at 1216. Nor did the District Court abuse its discretion in following *Calderon* and admitting the evidence under Rule 404(b) as relevant to prove intent.

## IV.

Next, Rodriguez argues that the District Court plainly erred (1) by not giving a cautionary instruction to the jury when it allowed the introduction of the prior drug transaction into evidence and (2) by not giving his requested instruction on Rule 404(b) to the jury. We review a district court's refusal to give a requested jury instruction for abuse of discretion. *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006). Issues not raised in the district court are reviewed only for plain error. *United States v. Long*, 674 F.2d 848, 855–56 (11th Cir. 1982). Under plain-error review, the defendant must show that: (1) the district court erred; (2)

9

the error was "plain;" and (3) the error affected his substantial rights.  *United States v. Lejarde-Rada*, 319 F.3d 1288, 1290 (11th Cir. 2003).  If all three are met, we may reverse, but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.* (quotation omitted).  For an error to be plain it must be "clear" or "obvious."  *United States v. Olano*, 507 U.S. 725, 734 (1993).  Where there is no statutory authority or precedent from the Supreme Court or us directly resolving the issue, there can be no plain error.  *Lejarde-Rada*, 319 F.3d at 1291.

Where a district court admits evidence against a party for one purpose, but not another, it must instruct the jury accordingly—but only on timely request.  Fed. R. Evid. 105.  Where no instruction is requested, the failure to give a limiting instruction does not constitute plain error.  *United States v. Smith*, 459 F.3d 1276, 1297 (11th Cir. 2006).  Additionally, where a criminal defendant induces or invites the district court into making an error, the invited-error doctrine precludes us from reviewing the alleged error.  *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006).

*Smith* and *Love* control here.  Regarding the lack of a limiting instruction when the testimony was taken, Rodriguez did not request one during or before Weeks' testimony regarding the prior drug transactions.  And *Smith* remains the law of the circuit.  Since no binding precedent clearly states that a *sua sponte*

10

limiting instruction is required when prior bad act evidence under Rule 404(b) is introduced, and our controlling precedent indicates that no such instruction is required, the District Court did not plainly err by not providing one. Regarding the non-inclusion of a Rule 404(b) instruction in the jury charge, we hold that, if it was error for the District Court not to give the instruction, it was invited error. This is because Rodriguez had initially requested a Rule 404(b) instruction and had his request granted. But he later withdrew his request, and no instruction was given. Since Rodriguez's withdrawal of the request caused the instruction not to be given, he cannot complain on appeal that the instruction was absent.

V.

Rodriguez also challenges his 84-month sentence as substantively unreasonable. We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*). The party challenging the sentence bears the burden of proving the sentence is unreasonable in light of the totality of the circumstances and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

11

A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Irey*, 612 F.3d at 1189.

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant. *Id.* § 3553(a)(1).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). A sentence imposed well below the statutory maximum penalty is an indicator of reasonableness. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). We do not presume, but do ordinarily expect, a sentence within the Guideline range to be reasonable. *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009).

Here, the District Court's within-guideline range 84-month sentence was substantively reasonable in light of the record and § 3553(a) factors—specifically,

12

the nature and circumstances of the offense and Rodriguez's history and characteristics. Rodriguez contends that both his lack of criminal history and his minor role in the offense warranted a lower sentence. But the District Court's contrary determinations were within its discretion to make. *See* 18 U.S.C. § 3553(a)(1); *Clay*, 483 F.3d at 743. Regarding Rodriguez's criminal history, the District Court determined that his lack of a formal criminal history did not merit a lessened sentence. It did so, in part, on the basis of Weeks's testimony, which indicated that Rodriguez had spoken about selling drugs beforehand and had supplied drugs for a previous drug deal involving the same CS. The District Court reasonably concluded from this testimony that Rodriguez's criminal history was underrepresented by his formal record. Regarding Rodriguez's purportedly minor role, the District Court did not abuse its discretion in concluding that Rodriguez's role was more serious than he had characterized it to be at sentencing. This determination too was supported by Weeks's testimony regarding the financial arrangements involved in the drug deal: Weeks testified that he would receive a $500 fee while Rodriguez pocketed $135,500 from the deal. We cannot say that the District Court abused its discretion when, having all this evidence before it, it refused to impose a downward variance from the guideline range.

For the foregoing reasons, Rodriguez's conviction and sentence are

**AFFIRMED.**

13