UNITED STATES of America, Plaintiff-Appellee,

v.

Stuart ARROW, Defendant-Appellant.

No. 83–5425.

United States Court of Appeals, Eleventh Circuit.

Aug. 20, 1984.

Michael L. Von Zamft, Kravitz & Von Zamft, Hialeah, Fla., for defendant-appellant.

Stanley Marcus, U.S. Atty., Sonia Escobio O'Donnell, Thomas A. Blair, Norman Moscowitz, Linda Collins-Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before RONEY and HILL, Circuit Judges, and TUTTLE, Senior Circuit Judge.

RONEY, Circuit Judge:

■ In this Circuit, a defendant cannot be legally convicted of facilitating a felony through the use of a telephone if he is acquitted of the underlying felony he was charged with facilitating. *United States v. Brooks*, 703 F.2d 1273, 1278 (11th Cir.1983). The question in this case is whether a conviction for facilitation can stand if, instead of acquitting on the underlying charge, the jury "hangs" thereby necessitating a mistrial on that charge. We hold that such a conviction can stand, and affirm the judgment of the district court.

Stuart Arrow was charged with conspiring to distribute cocaine and attempting to distribute cocaine in violation of 21 U.S.C.A. §§ 841(a)(1) and 846, and of using a telephone "in facilitating the commission of an act constituting a felony" under those two sections, that is both the conspiracy and the attempt in violation of 21 U.S.C.A. § 843(b). A jury could not reach a verdict on the conspiracy count, but acquitted Arrow on the attempt count, and convicted him on the facilitating count.

Briefly, the evidence at trial showed that first Arrow's brother and then Arrow negotiated a sale of cocaine with a Government informant. These discussions were conducted by telephone and went on for several months. The conversations were tape recorded by the informant. Eventually Arrow agreed to sell the informant ten kilograms of cocaine. A few minutes before the deal was to be consummated, however, Arrow realized he was being watched by law enforcement officials and he called the sale off.

If Arrow had been *acquitted* of both the conspiracy and the attempt, his conviction for facilitating those two criminal acts could not stand under *United States v. Brooks*, 703 F.2d 1273, 1278 (11th Cir.1983). In *Brooks*, we held that although inconsistent verdicts are permissible under *Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), that rule cannot operate to sustain a § 843(b) conviction if the defendant is acquitted of the underlying felony. The court relied on *United States v. Hannah*, 584 F.2d 27 (3d Cir.1978), in reasoning that an acquittal of the felony upon which the Government relied to support the felony requirement of § 843(b) made the proof insufficient as a matter of law to support the facilitation count. In effect, there being no felony there could be no facilitating of a felony. *See United States v. Ramos*, 666 F.2d 469, 476 (11th Cir.1982).

■ The premise of those cases, a jury determination that the underlying felony had not been committed by the defendant, is lacking when the jury has failed to reach a verdict and a mistrial is declared. The Supreme Court has recently held that the granting of a mistrial because the jury cannot agree on either acquittal or conviction does not bar a retrial. *Richardson v. United States*, — U.S. —, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984). The Court held that such a mistrial does not terminate the original jeopardy. This decision could not have been reached if the mistrial was to be treated as a jury verdict about the crime. Thus, the mistrial on the conspiracy count, being no verdict at all, is not a verdict inconsistent with the verdict of guilt on the facilitation count.

■ Of course, the jury verdict of acquittal on the attempt count does mean

that the facilitation verdict could not rest on the attempt as the felony requirement of the § 843(b) count. There was sufficient evidence, however, to find a conspiracy. The law is settled that when a charge alleges two underlying felonies in the conjunctive, proof of either one is sufficient to support the conviction.

> The law is well established, however, that when an indictment charges several means of violation of the statute in the conjunctive, proof of only one of the means is sufficient to convict.

*See United States v. Griffin,* 705 F.2d 434, 436 (11th Cir.1983); *United States v. Haymes,* 610 F.2d 309, 311 (5th Cir.1980).

The Government's argument based on *United States v. Arias,* 639 F.2d 1183 (5th Cir. Unit B 1981), that the conviction could be sustained on the theory that it had proved facilitation of a different felony than that charged in either of the other counts is not supported by the record.

There is no need to hold this case for the Supreme Court's decision in *United States v. Powell,* 708 F.2d 455 (9th Cir.1983), *cert. granted,* — U.S. ——, 104 S.Ct. 2383, 81 L.Ed.2d 342 (1984), because that case involves an acquittal on the underlying conspiracy count, not a mistrial.

AFFIRMED.