United States Court of Appeals, Eleventh Circuit.

No. 96-4004

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Everette MERTILUS, Defendant-Appellant.

May 7, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-14097-CR), Edward B. Davis, Judge.

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Everette Mertilus appeals his conviction and sentence for violation of 21 U.S.C. § 843(b) by using telephone communications to facilitate a conspiracy to distribute cocaine base or "crack" cocaine. He first argues that there was insufficient evidence to support his conviction under section 843(b). To prove a violation of section 843(b), the government must show that Mertilus knowingly and intentionally used a communications facility to facilitate the commission of a narcotics crime. *United States v. Rivera,* 775 F.2d 1559, 1562 (11th Cir.1985). To "facilitate" means that the government must establish that the telephone communication made the narcotics offense easier or less difficult and, thereby, assisted or aided the crime. *Id.* Where the charged underlying crime is a substantive narcotics offense, rather than an inchoate attempt or conspiracy, the government must prove the underlying offense. *United States v. Rey,* 641 F.2d 222, 224-25 n. 6 (5th Cir. Unit A Mar. 1981). Section 843(b) does not require that the government prove that Mertilus committed the facilitated or underlying

offense; instead, the statute can be satisfied by showing his knowing, intentional use of a telephone to facilitate the commission of the underlying crime. *United States v. Russo,* 796 F.2d 1443, 1464 (11th Cir.1986). Our review of the record shows that the government established that Mertilus's telephone conversations with confidential informant, Jeff Mullins, on October 25 and 26, 1994, facilitated, that is, aided or assisted, the distribution of crack cocaine that occurred on October 26, 1994, when codefendants Marvin Lutin, a/k/a "Thug Life," and Amos Pierre delivered 25.4 grams of crack cocaine to Mullins in Mertilus's presence and with his knowledge. In the context of the entire crack cocaine distribution conspiracy, including Mertilus's role in the September 22, 1994, transaction and the calls and conversations that preceded and succeeded the October 26, 1994, transaction, it is irrelevant that Mertilus and Mullins contemplated that codefendant Hercules Pierre, a/k/a "Baby Dred" or "Curtis Moise," and not Lutin or Amos Pierre, would be the source of supply for the crack cocaine. *See United States v. McLernon,* 746 F.2d 1098, 1106 (6th Cir.1984).

Review of the entire record reveals that Mertilus served both Lutin and Hercules Pierre by helping them to arrange crack cocaine sales. Mertilus's presence at the transaction on October 26, 1994, is significant because it evidenced his involvement in the continuing efforts to accommodate Mullins's request for crack cocaine and confirmed that Mertilus's telephone conversations with Mullins on October 25 and 26, 1994, were an instrumental part of those efforts and facilitated the ultimate purchase. Thus, the

evidence was sufficient to support his conviction for violation of section 843(b).

Mertilus also argues that his base offense level should have been 12 instead of 32. He contends that, because he did not deliver the crack cocaine, U.S.S.G. § 2D1.1 (n. 12) [1] applies to him, and the district court erred in calculating his base offense level at 32, computed by the amount of cocaine attributable to him as a participant in the cocaine distribution conspiracy. Since he was not convicted on the distribution counts, Mertilus contends that he should not be held accountable for drugs that were not part of his counts of conviction.

We review a sentencing court's drug quantity determination for clear error. *United States v. Beasley,* 2 F.3d 1551, 1561 (11th Cir.1993). The government must establish the drug quantity by a preponderance of the evidence. *Id.* In a drug conspiracy, a defendant may be held accountable not only for his own acts but also for " "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity.' " *Id.* (quoting U.S.S.G. § 1B1.3(a)(1)(B) (relevant conduct)). "Thus, the Guidelines require a district court to attribute to a defendant all

---

[1]The portion of section 2D1.1 (n. 12) that Mertilus argues is applicable to him provides as follows:

> If, however, the defendant establishes that he or she did not intend to provide, or was not reasonably capable of providing, the agreed-upon quantity of the controlled substance, the court shall exclude from the offense level determination the amount of controlled substance that the defendant establishes that he or she did not intend to provide or was not reasonably capable of providing.

U.S.S.G. § 2D1.1 (n. 12).

drugs foreseeably distributed pursuant to a common scheme or plan of which that defendant's offense of conviction was a part." *United States v. Lawrence,* 47 F.3d 1559, 1566 (11th Cir.1995). Even if the court does not make individualized findings regarding the scope of the defendant's criminal activity and the contraband quantities reasonably foreseeable at his level of participation, the sentence can be upheld if the record supports the district court's determination of the drug quantity, including imputing others' unlawful acts to the defendant. *United States v. Ismond,* 993 F.2d 1498, 1499 (11th Cir.1993); *see Beasley,* 2 F.3d at 1561. Consequently, a base offense level can be determined based on "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." U.S.S.G. § 1B1.3(a)(1)(A).

Under U.S.S.G. 1B1.3(a)(1), Mertilus may be held accountable for drugs that were not related specifically to his counts of conviction. Mertilus participated in the sale of the 33.5 grams of cocaine base purchased on September 22, 1994. His telephone calls to Mullins on October 25 and 26, 1994, aided in effecting the purchase of 25.4 grams of cocaine base on October 26, 1994. Based on Mertilus's participation in these two sales of crack cocaine, the district court did not err in attributing to Mertilus 58.9 grams of cocaine base as reasonably foreseeable and setting his base offense level at 32.

Mertilus's argument that the district court should have applied U.S.S.G. § 2D1.1 (n. 12), excepting cocaine amounts that he did not provide, to set his base offense level at 12 is misplaced.

In relevant part, that application note specifies that "[i]n an offense involving an agreement to sell a controlled substance, the agreed-upon quantity of the controlled substance shall be used to determine the offense level *unless the sale is completed and the amount delivered more accurately reflects the scale of the offense.*" U.S.S.G. § 2D1.1 (n. 12) (emphasis added). Because there were actual deliveries of 58.9 grams of cocaine base, the provision of which was assisted by Mertilus's participation, the district court correctly calculated his base offense level at 32.

Mertilus further contends that he should have received a two-level reduction in his base offense level under U.S.S.G. §§ 2D1.1(b)(4) and 5C1.2(1)-(5). While section 843(b), his offense of conviction, is not listed in section 5C1.2, he argues that the underlying crime that was the basis for his sentence is implicated in that guideline and, thus, he is entitled to the two-level reduction. The government maintains that section 5C1.2 applies only to those offenses listed therein, and, since section 843(b) is not included, it is not encompassed by section 5C1.2. The government also argues that section 5C1.2 applies only to cases where there is a statutory mandatory minimum sentence and that section 843(b) is excluded because it does not have a mandatory minimum sentence.

Under the Sentencing Guidelines, the base offense level for violation of section 843(b), using a communications facility in committing a drug crime, is determined by the offense level for the underlying offense. U.S.S.G. § 2D1.6. Because the underlying crime was cocaine distribution, 21 U.S.C. § 841, Mertilus's base

offense level is determined under U.S.S.G. § 2D1.1, which states that the base offense level shall be decreased by two levels "[i]f the defendant meets the criteria set forth in subdivisions (1)-(5) of § 5C1.2 ... and the offense level determined [under section 2D1.1] is level 26 or greater."  U.S.S.G. § 2D1.1(b)(4).

"In the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963," section 5C1.2 instructs district courts to impose a sentence in accordance with the applicable Sentencing Guidelines, regardless of the statutory minimum sentence, if the court finds that the defendant satisfies the five factors listed in section 5C1.2(1)-(5).  U.S.S.G. § 5C1.2.  The district court construed section 5C1.2 as applying only when the defendant is convicted under one of the enumerated statutory sections listed therein and denied the requested two-level reduction because section 843(b), Mertilus's crime of conviction, was not included. R7-17.  Consequently, the district court did not consider whether Mertilus satisfied the five factors listed in subdivisions (1) through (5) of section 5C1.2.

The offenses listed in section 5C1.2 each have mandatory minimum sentences, while section 843(b) does not have a mandatory minimum sentence.  Mertilus, however, does not seek to lower his sentence below a minimum period.  Instead, he argues that he is eligible for a two-level reduction in his base offense level under section 2D1.1(b)(4), which is independent of section 5C1.2. Section 2D1.1(b)(4) does not limit consideration of the two-level reduction to the enumerated offenses in section 5C1.2.  As long as Mertilus's base offense level under section 2D1.1 is 26 or greater,

a two-level reduction is appropriate if Mertilus satisfies the five factors delineated in section 5C1.2.  *See* U.S.S.G. § 2D1.1(b)(4).

The district court determined that it was without authority to consider the five factors listed in section 5C1.2 for a two-level reduction because section 843(b) is not among the crimes enumerated in section 5C1.2.  Thus, the district court did not realize that section 2D1.1(b)(4) does not limit the application of the five factors in section 5C1.2 to the crimes listed therein.  While we AFFIRM Mertilus's conviction, we VACATE his sentence and REMAND for the district court to determine whether Mertilus is entitled to a two-level reduction in his base offense level under section 2D1.1(b)(4) by considering the five factors in section 5C1.2(1)-(5).