**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Blanca VEGA, Defendant–Appellant.**

**No. 01–5097.**

United States Court of Appeals, Sixth Circuit.

Dec. 4, 2001.

Before GUY and BOGGS, Circuit Judges; CARR, District Judge.*

### ORDER

Blanca Vega, a federal prisoner, appeals the sentence imposed upon her convictions for conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841, con-spiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and six counts of money laundering in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(A)(I). The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A jury convicted Vega of the above offenses on June 10, 1999. Vega absconded prior to sentencing and thereafter pled guilty to failing to appear, in violation of 18 U.S.C. § 3146(a)(1). In the presentence investigation report ("PSR"), the probation officer calculated Vega's total offense level as 28, her criminal history category as I, and the guidelines range of imprisonment as 78 to 97 months. The total offense level resulted from a multiple-count adjustment pursuant to USSG § 3D1.4. Calculated separately, the offense level was 22 for the marijuana charge pursuant to USSG § 2D1 .1, 28 for the money laundering charges pursuant to USSG § 2S1.1(a)(1), and 15 for the failure to appear charge pursuant to USSG § 2J1.6(a)(2). The district court overruled Vega's objections to the PSR and sentenced her in the middle of the guidelines range to concurrent prison sentences of 60 months for the marijuana charge and 78 months for the money laundering charges, to be followed by 12 months on the failure to appear charge.

In her timely appeal, Vega argues that the district court erred by not reducing her offense level by two pursuant to USSG §§ 2D1.1(b)(6) and 5C1.2. Relying on *United States v. Mertilus,* 111 F.3d 870 (11th Cir.1997), Vega contends that § 2D1.1(b)(6) may be applied to money laundering crimes which are based on drug trafficking activities and that the safety valve provision of § 5C1.2 may be applied

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

to offenses that do not carry a statutory mandatory minimum.

This court reviews a sentencing court's interpretation of the Sentencing Guidelines and sentencing statutes de novo and its factual findings for clear error. *United States v. Swiney*, 203 F.3d 397, 401 (6th Cir.), *cert. denied*, 530 U.S. 1238, 120 S.Ct. 2678, 147 L.Ed.2d 288 (2000).

Vega's reliance on *Mertilus* is misplaced. In *Mertilus*, the defendant was appealing his conviction for violating 21 U.S.C. § 843(b) by using telephone communications to facilitate a conspiracy to distribute crack cocaine. 111 F.3d at 872. Where a defendant has been convicted of using a communication facility to commit a drug offense, the base offense level is the offense level applicable to the underlying drug offense. *See* USSG § 2D1.6. Thus, Mertilus's base offense level was "determined under USSG § 2D1.1, which states that the base offense level shall be decreased by two levels '[i]f the defendant meets the criteria set forth in subdivisions (1)-(5) of § 5C1.2 . . . and the offense level determined [under section 2D1.1] is level 26 or greater.'" *Mertilus*, 111 F.3d at 874 (citing to USSG § 2D1.1(b)(4), now enumerated as § 2D1.1(b)(6)).

In contrast, Vega's offense level, under the multiple-count grouping decision, was derived from the group of offenses with the highest offense level, i.e., the money laundering offenses. *See* USSG § 3D1.4. The base offense level for money laundering offenses is 23 for defendants such as Vega who were convicted under 18 U.S.C. § 1956(a)(1)(A). *See* USSG § 2S1.1(a)(1). The base offense level for money laundering is not contingent upon any underlying offense and no cross-reference is made to § 2D1.1. Thus, there is no provision for reducing Vega's offense level by two if she meets the criteria of § 5C1.2. Furthermore, § 5C1.2's list of offenses eligible for

a reduced sentence does not include money laundering offenses. *See United States v. Saffo*, 227 F.3d 1260, 1273 (10th Cir.2000), *cert. denied*, —— U.S. ——, 121 S.Ct. 1608, 149 L.Ed.2d 473 (2001) (18 U.S.C. § 1956(h) conviction). Although the offense level for Vega's marijuana charge was initially calculated under § 2D1.1, this does not entitle her to receive a two-point reduction under § 5C1.2 because her offense level of 22 for the marijuana charge was four points beneath that required to trigger a reduction under § 5C1.2.

As § 2D1.1(b)(6) may not be applied to money laundering offenses, it is unnecessary to consider whether the safety valve provision of § 5C1.2 may be applied to offenses that do not carry a statutory mandatory minimum.

Accordingly, the district court's judgment is affirmed.