[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11514
Non-Argument Calendar

_____

D. C. Docket No. 02-20030-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHEMTOV MICHTAVI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 24, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Shemtov Michtavi appeals his 240-month sentence, imposed on remand,

following his conviction for conspiracy to distribute a mixture and substance containing a detectable amount of Methylenedioxymethamphetamine ("MDMA"), or "Ecstasy," in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846. We previously remanded this case to the district court for re-sentencing after determining that constitutional and statutory *Booker* errors had occurred. On remand, the district court imposed an identical sentence when considering the guidelines as advisory. On appeal, Michtavi argues that the district court erred by failing to determine at re-sentencing the drug quantities attributable to him, and by sentencing him based on a drug quantity determination that was not found by the jury. Michtavi also argues that his sentence was unreasonable under 18 U.S.C. § 3553(a).

## I. Drug Quantity Determination

Michtavi challenged the findings as to the drug quantity amount attributed to him both at his initial sentencing hearing and at re-sentencing. At re-sentencing, the district adopted its quantity findings from the initial hearing. We review a sentencing court's application of the Sentencing Guidelines *de novo*. *United States v. Edmonds*, 348 F.3d 950, 952-53 (11th Cir. 2003). We review a district court's drug quantity determination for clear error. *United States v. Mertilus*, 111 F.3d 870, 873 (11th Cir. 1997).

Section 2D1.1 of the Sentencing Guidelines establishes the base-offense levels for drug offenses according to the quantity of drugs attributable to the defendant. *See* U.S.S.G. § 2D1.1. "The government must establish the drug quantity by a preponderance of the evidence." *Mertilus*, 111 F.3d at 873  In a drug conspiracy, a defendant may be held accountable not only for his own acts but also for "'all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity.'" *United States v. Beasley*, 2 F.3d 1551, 1561 (11th Cir.1993) (quoting U.S.S.G. § 1B1.3(a)(1)(B)). "Thus, the Guidelines require a district court to attribute to a defendant all drugs foreseeably distributed pursuant to a common scheme or plan of which that defendant's offense of conviction was a part." *United States v. Lawrence*, 47 F.3d 1559, 1566 (11th Cir. 1995).

The district court did not clearly err in its initial drug quantity determination, and it did not err in relying on its finding at re-sentencing. The district court attributed 182.2 kilograms of MDMA tablets seized from the New York apartment to Michtavi. Michtavi conspired with Zev Rosenstein, who owned the seized drugs, and Mordechai Cohen to distribute drugs. Michtavi told Cohen that if Cohen could find buyers for the MDMA, Michtavi could supply the pills. The apartment was used to complete several drug deals which Michtavi brokered. Also, the recorded telephone conversations between Michtavi and Cohen, wherein they

3

discussed the seizure of the 182.2 kilograms of MDMA in the New York apartment and Cohen's responsibility for the money owed for the drugs, evidences that the amount ultimately seized was reasonably foreseeable to Michtavi. Given that the district court had already heard the evidence at trial and argument on the issue at the initial sentencing hearing, there was no error in relying on its findings at re-sentencing when neither side requested a new evidentiary hearing.

Additionally, Michtavi argues that the drug quantity finding should have been made by a jury. We have held that in a § 841 case in which a defendant's ultimate sentence falls at or below the statutory maximum penalty provided in § 841(b)(1)(c), there is no constitutional error stemming from *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and drug quantity need not have been submitted to a jury and proven beyond a reasonable doubt. *See United States v. Underwood*, 446 F.3d 1340, 1344-45 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 225 (2006) (citing *United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001)). As Michtavi's ultimate sentence was at the statutory maximum of 20 years, the district court did not violate Michtavi's constitutional rights.

## II. Reasonableness of Michtavi's Sentence

Michtavi contends that his sentence was unreasonable because the district

court (1) failed to adequately consider his health and age and (2) created sentencing disparities between Michtavi and co-conspirators. After *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), we review sentences under the advisory guideline regime for reasonableness. Reasonableness review is deferential, requiring us to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in [18 U.S.C.] section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005)(per curiam). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[,]" and we "will not substitute our judgment in weighing the relevant factors . . ." *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006), *petition for cert. filed,* (U.S. Oct. 19, 2006) (No. 06-7352).

Michtavi bears the burden of establishing that his sentence is unreasonable in light of the record and § 3553(a) sentencing factors. *Talley*, 431 F.3d at 788. The district court must engage in a two step process. First it must correctly calculate the defendant's guideline range; second, it must consider the § 3553(a) sentencing factors. *Id*. at 786. The court is not required to explicitly consider each of these factors on the record. *United States v. Scott,* 426 F.3d 1324, 1329-30 (11th Cir. 2005). It is enough for the court to acknowledge the parties' arguments

5

and state that it has considered the factors. *Id.*

The district court here correctly calculated the guideline range and stated that it had considered the statements of the parties, the presentence investigation report containing the advisory guidelines, as well as the factors set forth in § 3553(a). While the district court was not required to discuss each factor on the record, it considered Michtavi's deteriorating medical condition, but ultimately concluded that factors other than his age and physical health should be afforded greater weight. The court emphasized the nature, circumstances, and seriousness of the offense. Specifically, the court focused on the large scope and international character of the criminal enterprise, and determined that such conduct constituted an "assault on the sovereignty of the United States" and its citizens. Further, the court also considered the need to provide a just punishment and the need for deterrence as it explained that a sentence at the midpoint of the guidelines range, which was also the statutory maximum, provided the most just and reasonable punishment under the circumstances.

Furthermore, no sentencing disparity existed between Michtavi and similar situated co-conspirators, because co-conspirators who received substantially lesser sentences than Michtavi either had cooperated with the government or had acquired a specific amount of MDMA. Additionally, the evidence established that

Michtavi's conduct was distinguishable from that of his codefendants as Michtavi acted as a broker for the drug deals.  Therefore, there was a reason for the sentencing disparity, and, thus, it was not unwarranted.  In sum, Michtavi has not carried his burden to show that his sentence, properly determined using the § 3553(a) factors, was unreasonable.  Accordingly, we affirm.

**AFFIRMED.**