[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12850
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:09-cr-00051-MMH-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK CAMPBELL,

Defendant-Appellant.

_____

No. 10-12851
Non-Argument Calendar

_____

D.C. Docket No. 3:09-cr-00051-MMH-MCR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEX LEE CAMPBELL,

Defendant-Appellant.

_____

No. 10-13914
Non-Argument Calendar

_____

D.C. Docket No. 3:09-cr-00051-MMH-MCR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SONIA ANTIONETTE DODD,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(July 13, 2011)

Before EDMONDSON, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

In this consolidated appeal, co-defendants Frederick Campbell ("Frederick")

and Alex Lee Campbell ("Alex") appeal their convictions and 195-month sentences

for conspiracy to distribute 1,000 kilograms or more of marijuana, in violation of 21

U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; possession of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). They raise four arguments on appeal: (1) they had a reasonable expectation of privacy in a package delivered to 7635 Praver Drive East ("Praver house"), and thus had standing to challenge the search of that package; (2) the search of the package by an employee of United Parcel Service ("UPS") violated the Fourth Amendment; (3) they had standing to challenge the search of the Praver house; and (4) there was insufficient evidence that the conspiracy involved more than 1,000 kilograms of marijuana, thus requiring the reversal of their convictions and sentences.

In this same consolidated appeal, Sonia Antionette Dodd ("Dodd") appeals her 175-month sentence for conspiracy to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. On appeal, Dodd raises four arguments: (1) the government breached her plea agreement; (2) the district court was biased against her, which violated her due process rights; (3) her sentence was substantively unreasonable; and (4) the court erred by failing to provide a written statement of reasons justifying its sentence. After thorough review, we affirm in part, dismiss in part, and reverse and remand in part, for the district court to correct a clerical error in the judgments pertaining to Frederick and Alex.

3

In reviewing the denial of a motion to suppress, we review a district court's factual findings for clear error and its "application of the law to those facts de novo." United States v. Segura-Baltazar, 448 F.3d 1281, 1285 (11th Cir. 2006). "We review the district court's application of the [S]entencing [G]uidelines de novo," and a district court's drug quantity calculation for clear error. United States v. Baker, 432 F.3d 1189, 1253 (11th Cir. 2005) (de novo review); United States v. Mertilus, 111 F.3d 870, 873 (11th Cir. 1997) (clear error review). We review de novo the question of whether the government breached a plea agreement. United States v. Copeland, 381 F.3d 1101, 1104 (11th Cir. 2004). We also review the validity of a sentence appeal waiver de novo. United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993).

However, when a claim -- like a motion to suppress -- has been waived before the district court, we decline to review it. United States v. Lewis, 492 F.3d 1219, 1221 (11th Cir. 2007) (en banc). Unlike waived claims, unpreserved arguments are reviewed for plain error. Id. Plain error review requires a defendant to show (1) an error, (2) that is plain, (3) that affected the defendant's substantial rights, and (4) that "seriously affect[ed] the fairness, integrity, or public reputation of the judicial proceedings." United States v. Hasson, 333 F.3d 1264, 1276 (11th Cir. 2003). An error is plain if it is "clear or obvious, rather than subject to reasonable dispute."

Puckett v. United States, ___ U.S. ___, 129 S. Ct. 1423, 1429 (2009).  Plain error review in the context of a sufficiency argument requires us to affirm a conviction "unless there is a manifest miscarriage of justice [because] the evidence on a key element of the offense is so tenuous that a conviction would be shocking."  See United States v. Schier, 438 F.3d 1104, 1107 (11th Cir. 2006) (quotation omitted).  A sufficiency argument is only properly preserved where the defendant's argument in support of a judgment of acquittal is based on the same grounds as the defendant's argument on appeal.  See United States v. Straub, 508 F.3d 1003, 1010-11 (11th Cir. 2007).  In the context of an alleged plea agreement breach, the question of whether the defendant's substantial rights were affected is not whether the defendant would have entered into the plea, but rather, whether her sentence was affected by the government's breach.  Puckett, 129 S.Ct. at 1432-33, 1433 n.4.  A codefendant's objection is insufficient to preserve a defendant's argument where the defendant fails to object to the alleged error himself.  See United States v. Gray, 626 F.2d 494, 501 (5th Cir. 1980).[1]

First, we reject the Campbells's argument that they had a reasonable expectation of privacy in a package delivered to the Praver house, and thus had

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

standing to challenge the search of that package. In challenging a search under the Fourth Amendment, the defendant bears the burden of establishing "both a subjective and an objective expectation of privacy" in the area or object searched. Segura-Baltazar, 448 F.3d at 1286. "The subjective component requires that a person exhibit an actual expectation of privacy, while the objective component requires that the privacy expectation be one that society is prepared to recognize as reasonable." Id. (quotation omitted). Although possession or ownership is one factor courts may consider when determining whether a defendant has a legitimate expectation of privacy in an object, it "is not a proxy for determining whether the owner had a Fourth amendment interest, for it does not invariably represent the protected Fourth Amendment interest." United States v. Salvucci, 448 U.S. 83, 91 (1980).

A defendant may have a reasonable expectation of privacy in a package even where the package is not addressed in the defendant's name, provided that he establishes a connection between himself and the addressee. United States v. Richards, 638 F.2d 765, 767, 770 (5th Cir. 1981) (holding that a defendant who opened a post office box for "Mehling Arts & Crafts" had a reasonable expectation of privacy in a package addressed to Mehling).

Here, the district court correctly found that the Campbells did not have a reasonable expectation of privacy in the package delivered to the Praver house such

6

that they could challenge the search of the package. Although Frederick accepted the package from an undercover officer, and the package was found in the backseat of a car that Alex was driving, possession alone is insufficient to establish a Fourth Amendment interest in an object. See Salvucci, 448 U.S. at 91. Furthermore, while Alex's name was on the lease to the Praver house, the Campbells were not the sender or named addressee on the package, nor did they establish a connection to the named addressee or show that they used the name on the package as an alias. Compare Richards, 638 F.2d at 770. Additionally, when Frederick spoke to the police, he attempted to distance himself from the package's addressee. Therefore, the Campbells did not have standing to challenge the search of the package, and we need not address whether the search violated the Fourth Amendment.

Second, we find no merit in the claim that they had standing to challenge the search of the Praver house. We review the evidence from a motion to suppress "in the light most favorable to the government." United States v. Baron-Mantilla, 743 F.2d 868, 870 (11th Cir. 1984). We may consider evidence presented at trial when reviewing the district court's denial of a motion to suppress. United States v. Villabona-Garnica, 63 F.3d 1051, 1056 (11th Cir. 1995). A defendant may have a reasonable expectation of privacy in a home that he does not own or rent if he shows "an unrestricted right of occupancy or custody and control of the premises as

7

distinguished from occasional presence on the premises as a mere guest or invitee."

Baron-Mantilla, 743 F.2d at 870 (quotations omitted). Where there was testimony that a defendant did not live in a searched apartment, as well as testimony that someone other than the defendant had leased the apartment, the defendant had not shown that he had a reasonable expectation of privacy in the apartment. United States v. Brazel, 102 F.3d 1120, 1148 (11th Cir. 1997).

At trial, Frederick testified that he did not live in the Praver house, and at the suppression hearing, the evidence showed that Frederick did not lease the house. Accordingly, since he did not establish that he was more than a mere guest at the Praver house, he did not have standing to challenge the search of the house.

As for Alex, we need not address his claim that he had standing to challenge the search of the Praver house. A motion to suppress evidence must be made before the deadline set by the court, or the suppression issue is waived. Fed.R.Crim.P. 12(b)(3)(C), (c), (e). Alex did not address his expectation of privacy in the Praver house or the constitutionality of the search of the house until well after the court's deadline to file suppression motions had passed. See Fed.R.Crim.P. 12(c). Therefore, Alex has waived this claim, and we will not review it. See Lewis, 492 F.3d at 1221.

Third, we find no merit in the Campbells's argument that there was insufficient evidence that the conspiracy involved more than 1,000 kilograms of marijuana, thus requiring the reversal of their convictions and sentences. To prove that a defendant violated 21 U.S.C. § 841, the government must prove beyond a reasonable doubt "that the defendant possessed a controlled substance knowingly and willfully and that he did so with the intent to distribute it." Baker, 432 F.3d at 1233. For sentencing purposes, any fact, other than a prior conviction, "that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely v. Washington, 542 U.S. 296, 301 (2004) (quotation omitted). The statutory maximum "is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id. at 303 (emphasis omitted). Under 21 U.S.C. § 841(b)(1)(A), the statutory maximum is life imprisonment if the jury finds the defendant guilty of possessing with the intent to distribute 1,000 kilograms or more of marijuana. 21 U.S.C. § 841(b)(1)(A)(vii).

For purposes of determining the base offense level under the Sentencing Guidelines, "[t]he government must establish the drug quantity by a preponderance of the evidence." Mertilus, 111 F.3d at 873. A defendant may be held responsible

9

for "all drugs foreseeably distributed pursuant to" a conspiracy. Id. (quotation omitted).

Here, the evidence showed that Frederick obtained marijuana through the mail and sold it to a number of customers. Based on shipping labels found in one of Frederick's storage units, shipping labels and receipts found in Alex's pocket when he was arrested, and the actual marijuana recovered by the officers, the jury could reasonably conclude that the conspiracy involved more than 1,000 kilograms of marijuana. As a result, their convictions were, therefore, not shocking, and there was no plain error. See Schier, 438 F.3d at 1107.[2]

There was also no sentencing error in this case. Because the jury explicitly found that both Frederick and Alex had conspired to distribute more than 1,000 kilograms of marijuana, their maximum sentences were life imprisonment. See 21 U.S.C. § 841(b)(1)(A). Based on the shipping labels and the actual marijuana recovered, the government sufficiently proved the drug quantity by a preponderance of the evidence, and the district court correctly calculated Frederick's and Alex's base

---

[2] We review Frederick's and Alex's arguments as to the sufficiency of the evidence to support their convictions for plain error because neither party presented an argument about the quantity of drugs to the district court in their respective motions for a judgment of acquittal. See Straub, 508 F.3d at 1010-11.

10

offense levels using that drug quantity.  Accordingly, there has been no error, plain or otherwise, as to Frederick's or Alex's sentence.[3]

Fourth, turning to Dodd's arguments on appeal, we reject her claim that the government breached her plea agreement.  A defendant may appeal her sentence based on an alleged plea agreement breach even if the plea agreement contains a sentence appeal waiver.  Copeland, 381 F.3d at 1105.  In determining whether the government breached a plea agreement, we apply an objective standard to determine whether the government acted consistently with the defendant's reasonable understanding of the agreement when she pleaded guilty.  Id.

Under the terms of Dodd's plea agreement, the parties stipulated to a base offense level of 30.  However, the probation officer calculated a higher base offense level of 32 based on previously suppressed evidence.  In explaining the discrepancy, the prosecutor stated that it did not "really disagree with [the] probation" officer's calculation because reliable suppressed evidence could be taken into account for sentencing purposes.  Thus, even if this statement breached the plea agreement, it was not a "clear or obvious" error because the government did not clearly argue for a

---

[3] Alex objected to the district court's calculation of the drug quantity.  However, because Frederick did not object to this finding, his particular claim is reviewed for plain error only.  See Gray, 626 F.2d at 501.

11

position contrary to the plea agreement. See Puckett, 129 S.Ct. at 1429.[4] As for Dodd's argument that the government breached the plea agreement by asking for a mid-to-high end guideline range sentence, this request was not a breach because the plea agreement did not restrict the government from asking for a specific sentence. And finally, even assuming that the government plainly breached the plea agreement, the breach did not affect Dodd's substantial rights because it did not affect her sentence. See Puckett, 129 S.Ct. at 1432-33, 1433 n.4. The district court explicitly stated that, even if it used the recommended base offense level of 30, it still would have sentenced Dodd to 175 months' imprisonment because any shorter sentence would have been insufficient given Dodd's role in the conspiracy, the scope of the conspiracy, and Dodd's criminal history.

Lastly, we dismiss Dodd's claims regarding her sentence that the district court was biased against her, that her sentence was substantively unreasonable, and that the court erred by failing to provide a written statement of reasons justifying its sentence. A sentence appeal waiver contained in a plea agreement is enforceable if it was made knowingly and voluntarily. Bushert, 997 F.2d at 1350-51. To enforce a sentence appeal waiver, "[t]he government must show that either (1) the district court

---

[4] We review Dodd's argument for plain error because she did not object to the alleged breach before the district court. See United States v. Romano, 314 F.3d 1279, 1281 (11th Cir. 2002).

specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Id. at 1351.

In this case, the district court specifically questioned Dodd about her sentence appeal waiver during the plea colloquy, and she indicated that she understood the waiver and was voluntarily waiving her right to appeal her sentence. Therefore, Dodd knowingly and voluntarily entered into her sentence appeal waiver. Because no exceptions to her sentence appeal waiver apply, we dismiss all of her challenges to her sentence.

\* \* \*

Based on the above, we affirm Frederick's and Alex's convictions and sentences. However, we remand to the district court to correct a clerical error in their judgments. In both Frederick's and Alex's judgments, Count 2 erroneously includes 21 U.S.C. § 846, which only applies to Count 1 of their convictions. As for Dodd, we reject her argument that the government breached the plea agreement, and we dismiss her appeal as to her challenges to her sentence.

**AFFIRMED IN PART, REMANDED IN PART, AND DISMISSED IN PART.**