[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10358
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cr-00009-TCB-RGV-2


UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

versus

MICHAEL OWENS,
DWAYNE TYRONE COGGINS

                                                    Defendants-Appellants.
_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(February 3, 2016)


Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Michael Owens and Dwayne Tyrone Coggins appeal their convictions for conspiring to use a communication facility to facilitate the possession of a controlled substance with the intent to distribute, and for using a communication facility to facilitate the possession of a controlled substance with the intent to distribute, 21 U.S.C. §§ 843(b), 846.  After review,[1] we affirm Owens' and Coggins' convictions.

## I.  DISCUSSION

### A.  Owens' and Coggins' arguments

Owens contends the Government failed to introduce sufficient evidence to convict him of conspiring to use a communication facility to facilitate the possession of a controlled substance with the intent to distribute, because by the time he was involved in the Government's investigation, the drugs were already removed from Coggins' nephew's home, and the nephew was gone.   Also, he argues the Government failed to introduce sufficient evidence to convict him of the use conviction, because by the time he called the nephew, the nephew already knew the information he told him.

Coggins asserts the evidence was insufficient to convict him, because he did not make the possession of any drugs for distribution easier.  There was no

---

[1]  We review the sufficiency of the evidence *de novo*, viewing the evidence and all reasonable inferences in favor of the Government and the jury's verdict.  *United States v. Garcia*, 405 F.3d 1260, 1269 (11th Cir. 2005).

2

evidence his nephew had drugs when he called, and if he did, he already had possession before he called.  The Government did not provide evidence his nephew and the other drug dealers distributed any drugs as a result of his calls, and Coggins did not receive anything of value for his actions nor was he involved in any drug transactions.  Coggins argues the Government stretches "facilitate" in 21 U.S.C. § 843(b) beyond its appropriate reading.

B.  *Sufficiency of the evidence – Conspiracy conviction*

Conspiracy requires proof beyond a reasonable doubt that: (1) "there existed an agreement between two or more persons" to commit the underlying crime; and (2) "the defendant knowingly and voluntarily participated in that agreement." *United States v. Arbane*, 446 F.3d 1223, 1228 (11th Cir. 2006).  A defendant's knowing participation in a conspiracy may be established through proof of surrounding circumstances such as acts committed by the defendant which furthered the purpose of the conspiracy.  *See United States v. Parrado*, 911 F.2d 1567, 1571 (11th Cir. 1990).  The government does not need to demonstrate the existence of a formal agreement.  *United States v. Gold*, 743 F.2d 800, 824 (11th Cir. 1984).  To sustain a conviction for a violation of 21 U.S.C. § 841(a)(1) based on possession with intent to distribute, the government must establish: (1) knowledge; (2) possession; and (3) intent to distribute.  *United States v. Mercer*, 541 F.3d 1070, 1076 (11th Cir. 2008).

3

To sustain a conviction under 21 U.S.C. § 843(b), the government must show that the defendant knowingly and intentionally used a communications facility, e.g., a telephone, to facilitate the commission of a narcotics offense. *See United States v. Mertilus*, 111 F.3d 870, 872 (11th Cir. 1997). To prove facilitation, "the [g]overnment must show that the telephone call comes within the common meaning of facilitate-to make easier or less difficult, or to assist or aid." *United States v. Rivera*, 775 F.2d 1559, 1562 (11th Cir. 1985). Where a defendant is not convicted of the underlying felony, a conviction under § 843(b) may not be sustained because there is no felony to facilitate. *United States v. Arrow*, 739 F.2d 549, 550 (11th Cir. 1984).

There was sufficient evidence that Owens and Coggins conspired to use a telephone to aid the nephew's continued possession of narcotics with the intent to distribute. Viewing the evidence and all reasonable inferences in favor of the Government and the jury's verdict, evidence showed that Owens and Coggins agreed to use a telephone to aid the nephew's continued possession of narcotics with the intent to distribute and did so knowingly and voluntarily. *Id.* The wiretapped phone calls, telephone toll records, pole camera footage of the nephew removing drugs from his home, and Owens' and Coggins' interviews introduced at trial showed they knowingly and voluntarily agreed with each other, the nephew's mother, and the nephew to warn him over the telephone about police activity at the

4

nearby fire station, so he could remove his drugs from his home.  *See Arbane*, 446 F.3d at 1228.

Regarding the nephew's possession of drugs with the intent to distribute, Owens and Coggins knew that the nephew was a drug dealer who had a stash house near the fire station.  On May 8th, Coggins did not want his warning to be detected by police, so he advised his nephew's mother that his nephew's phone may be tapped.  As the object of their conspiracy, Owens' and Coggins' calls allowed the nephew to avoid surveillance, seizure of his drugs, and possible arrest. The calls let the nephew know he was a target of the police's investigation and he needed to take immediate steps to avoid the police.  The nephew's drug trafficking continued until he was arrested on May 28th.

In sum, there was sufficient evidence such that a reasonable trier of fact could conclude that Owens and Coggins were guilty beyond a reasonable doubt for conspiring to use a communication facility to facilitate the possession of a controlled substance with the intent to distribute, and that Owens and Coggins were not entitled to a judgment of acquittal, so we affirm in this respect.

C.  *Sufficiency of the evidence – Use conviction*

There was also sufficient evidence that Coggins and Owens violated 21 U.S.C. § 843(b).  As noted above, evidence showed Owens and Coggins knowingly and intentionally used a telephone to aid the nephew and other drug

dealers in coordinating their efforts to possess drugs with the intent to distribute. *See Mertilus*, 111 F.3d at 872.  To facilitate the possession of drugs with the intent to distribute, Owens called the nephew on May 8th and confirmed what the nephew's mother had told the nephew about the police's location and reinforced that the nephew was under investigation.  *See Rivera*, 775 F.2d at 1562.  Owens also assisted the nephew by telling him to remove the drugs from his home.  *Id.* After Owens called the nephew, news of the investigation spread among the drug dealers in the area creating a "ripple effect," which helped them to avoid detection and coordinate their drug trafficking.  *See id.*  The police were concerned about this "ripple effect" because of the expense of wiretaps, the safety of officers, and the potential destruction of evidence.  As evidence of the "ripple effect," the drugs the nephew removed from his home on May 8th were never found, one drug dealer got rid of his cell phone, and another drug trafficker that fled has not been found.

Also, to facilitate the possession of drugs with the intent to distribute, Coggins' call on April 8th placed his nephew and other drug dealers on notice that law enforcement officers were investigating them.  This call included the location of law enforcement, so his nephew could avoid the seizure of his drugs and potentially his own arrest.  This call made it easier for his nephew and other drug dealers to continue to traffic drugs, which evidence showed they did because drugs were found in his nephew's home when he and other drug dealers were arrested in

6

late May.  *See Rivera,* 775 F.2d at 1562; *Mercer*, 541 F.3d at 1076.  Also, after

Coggins' call on April 8th, law enforcement officers' ability to dismantle the drug

organization by conducting surveillance and gathering evidence was negatively

impaired, because the agents could no longer be covert and safe at the Spaulding

County fire stations.  For example, on April 8th, law enforcement left the area near

the fire station immediately and surveillance was suspended for the day because

their position had been compromised.

Thus, there was sufficient evidence such that a reasonable trier of fact could

conclude that Owens and Coggins were guilty beyond a reasonable doubt of using

a communication facility to facilitate the possession of a controlled substance with

the intent to distribute, and that Owens and Coggins[2] were not entitled to a

judgment of acquittal.  *See Garcia*, 405 F.3d at 1269.

## II.  CONCLUSION

We affirm Owens' and Coggins' convictions.

**AFFIRMED.**

---

[2]  Coggins argues for the first time on appeal that the rule of lenity should apply because the meaning of "facilitate" in § 843(b) is ambiguous.  The rule of lenity is inapplicable here, because there is not a "grievous ambiguity or uncertainty" in § 843(b).  *See United States v. Maupin*, 520 F.3d 1304, 1307 (11th Cir. 2008) (explaining in order to invoke the rule of lenity, there must be a grievous ambiguity or uncertainty in the statute). We have defined "facilitate" to mean "to make easier or less difficult, or to assist or aid."  *See Rivera*, 775 F.2d at 1562. Moreover, while making phone calls to set up misdemeanor drug sales may not violate § 843(b), *see Abuelhawa v. United States*, 556 U.S. 816, 818 (2009), Coggins did more than that here, which was sufficient to violate § 843(b).  *See e.g.*, *United States v. Russo*, 796 F.2d 1443, 1463-64 (11th Cir. 1986) (affirming a § 843(b) conviction where the telephone call facilitated efforts to conceal the drug source and crimes).