[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11598
Non-Argument Calendar

_____

D.C. Docket Nos. 3:12-cv-01084-MMH-MCR;
3:09-cr-00051-MMH-MCR-4

SONIA ANTIONETTE DODD,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 25, 2017)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

On February 19, 2009, Sonia Antionette Dodd and her children, Alex,

Frederick and Branddie Campbell, were indicted for conspiracy to possess 1000

kilograms of marijuana or more, in violation of 21 U.S.C. § 846; Alex and Frederick were also charged with possession of the drug with intent to distribute, in violation of 21 U.S.C. § 841(a).  A jury convicted Alex and Frederick of both offenses; Branddie and Dodd pled guilty.

In *United States v. Campbell*, 434 F. Appx. 805 (11th Cir. 2011), we affirmed Alex and Frederick's convictions and Dodd's sentence.  On October 4, 2012, Dodd move the District Court to vacate her sentence pursuant to 28 U.S.C. § 2255 on the ground that her trial attorney rendered ineffective assistance in failing to inform her that as a permanent resident and that her conviction of the § 846 conspiracy offense could result in her deportation.  Following an evidentiary hearing, the Court denied her motion, granted a certificate of appealability on the issue of  "whether Dodd's counsel was constitutionally ineffective in his advice to her regarding the immigration consequences of a guilty plea . . ., specifically whether Dodd demonstrated prejudice from any deficient performance by counsel."

In her *pro se* brief on appeal, Dodd argues that she would have proceeded to trial had counsel informed her about the immigration consequences of a guilty plea.  She disputes that she pled guilty because of the possibility that her daughter, Branddie, would testify against her at trial.[1]  She also contends that her plea

---

[1] Branddie and Dodd both pled guilty to the conspiracy offense on February 22, 2010.

agreement was not beneficial to her, and that she has substantial ties to the United States.

In a § 2255 proceeding, we review legal conclusions *de novo* and factual findings for clear error. *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014). A claim of ineffective assistance of counsel is a mixed question of law and fact that we review *de novo*. *Id.* We allot substantial deference to the factfinder in reaching credibility determinations to witness testimony. *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008).

The Sixth Amendment guarantees a defendant effective assistance of counsel at critical stages of a criminal proceeding, including when she enters a guilty plea. *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017). To demonstrate that counsel's representation was constitutionally ineffective, a defendant must show that: (1) counsel's representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced as a result. *Id.* When a defendant claims that her counsel's performance deprived her of a trial by causing her to accept a plea, the defendant can show prejudice by demonstrating a reasonable probability that, but for counsel's unprofessional errors, she would not have pled guilty and would have instead insisted on going to trial. *Id.* at 1965. A defendant must convince the court that a decision to reject a plea bargain would have been rational under the circumstances. *Padilla v. Kentucky*, 559 U.S. 356,

3

372 (2010). Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how she would have pleaded but for her attorney's deficiencies. *Lee*, 137 S. Ct. at 1967. Courts should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences. *Id.*

In *Lee*, the defendant pled guilty to possessing ecstasy with intent to distribute. *Lee*, 137 S. Ct. at 1962. Lee was a lawful permanent resident, and his attorney assured him that the government would not deport him if he pled guilty. *Id.* However, Lee was subject to mandatory deportation from his conviction. *Id.* The Supreme Court held that Lee had demonstrated prejudice from his counsel's incorrect advice. *Id.* at 1969. "In the unusual circumstances of the case," the Supreme Court concluded that Lee demonstrated a reasonable probability that he would have rejected the plea had he known that it would lead to mandatory deportation. *Id.* at 1967. Lee asked his attorney repeatedly about whether there was any risk of deportation from his proceedings, and both Lee and his attorney testified at the evidentiary hearing that Lee would have gone to trial if he had known about the deportation consequences. *Id.* at 1967–68. Moreover, when the judge warned at the plea colloquy that a conviction could result in a deportation, and asked whether that affected Lee's decision to plead guilty, Lee answered "Yes, Your Honor." *Id.* at 1968. When the court inquired about how it affected his decision, Lee turned to his counsel for advice. *Id.* Only when Lee's counsel

4

assured him that the judge's statement was a "standard warning" was Lee willing to proceed to plead guilty. *Id.*

The Supreme Court recognized in *Lee* that a defendant's right to remain in the United States may be more important than any potential jail sentence. *Id.* In Lee's case, the Supreme Court stated that it was not irrational for Lee to reject the plea offer, despite the strong case against him, since deportation was the determinative issue, Lee had strong connections to the United States and no other country, and the consequences for proceeding to trial were not markedly harsher than pleading. *Id.* at 1968–69. Thus, because Lee's claim, that he would not have accepted a plea had he known it would lead to deportation, was backed by substantial and uncontroverted evidence, the Supreme Court concluded that Lee demonstrated a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.* at 1969.

In this case, Dodd did not establish a reasonable probability that, but for counsel's deficient performance, she would not have pled guilty and would have instead insisted on going to trial. *Lee*, 137 S. Ct. at 1967. Unlike the defendant in *Lee*, Dodd's trial counsel, Wade Rolle, at least informed Dodd that she would be subject to deportation proceedings. *Id.* at 1962. And, despite being aware of the possibility of deportation, the record does not show any contemporaneous evidence that Dodd was concerned about deportation at the plea hearing or sentencing. *Id.*

5

at 1967 ("Courts should not upset a plea solely because of post hoc assertions from a defendant."). The District Court credited testimony from Rolle that Dodd pled guilty because of the possibility of facing her daughter at trial, and because of the evidence presented at her sons' trial. Although Dodd's testimony and other evidence contradict Rolle's testimony, the Court found that Dodd repeatedly lied during the proceedings, and we allot substantial deference to the factfinder in reaching credibility determinations to witness testimony. *Devine*, 520 F.3d at 1287. Finally, Dodd's inquiry about a prison transfer to the United Kingdom weighs against a finding that she was willing risk a larger sentence to secure the possibility of remaining in the United States. Thus, Dodd did not demonstrate that she suffered prejudice as a result of counsel's failure to accurately advise her of the immigration consequences of a guilty plea.

**AFFIRMED.**